IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUSTIS LYNN COLLIER,

    Petitioner,                    No. CIV S-07-0761 LKK DAD P

    vs.

JAMES TILTON,

    Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a renewed motion for a stay and abeyance in accordance with this court's September 18, 2007 order.[1] On November 1, 2007, respondent filed timely opposition to petitioner's motion. On November 20, 2007, petitioner filed a timely reply.

**BACKGROUND**

        Petitioner challenges a judgment of conviction entered in the Yuba County Superior Court on June 24, 2002. (Pet. at 1.) Petitioner was charged with manufacturing methamphetamine, possession of methamphetamine for sale, maintaining a place to manufacture methamphetamine, and possession of ephedrine. (Id.) Petitioner pled not guilty, and after a jury

---

[1] Petitioner has also filed a second amended petition.

1

trial, was found guilty and sentenced to eighteen years in state prison. (Id.) The California Court of Appeal affirmed petitioner's conviction on March 2, 2005. (Id. at 2.) The California Supreme Court denied his petition for review on September 28, 2005. (Id.)

In his second amended petition, petitioner alleges that the evidence introduced at his state court criminal trial was legally insufficient to establish that he possessed methamphetamine for sale, possessed ephedrine, and maintained a place to manufacture methamphetamine. (Pet. at 5.) In addition, petitioner alleges that he had ineffective assistance of trial counsel. Specifically, petitioner contends that his trial counsel was ineffective because he failed to: (1) conduct a pretrial investigation to discover information to support a motion to compel the prosecution to disclose the identity of confidential informants; (2) investigate and bring a motion to dismiss petitioner's 1990 burglary conviction because it did not qualify as a "serious felony" for purposes of the three strikes law; (3) investigate and bring a motion for severance; (4) investigate, interview, and call a potential defense witness who could testify that he did not live at the Langley residence and was only there to fix his truck; (5) consult with an expert locksmith witness who could likely testify that the locks on the shed storing drug equipment could not be easily opened without a key and that none of petitioner's keys could open any of the locks on the sheds; (6) investigate and bring a motion for independent testing of petitioner's clothes to show no trace evidence of drugs; (7) use the transcripts from the preliminary hearings to impeach prosecution witnesses; (8) investigate and bring a motion to exclude petitioner's letters, found inside the Langley residence, on proper legal grounds (such as the prejudicial effect outweighs the probative value of the letters); (9) investigate and bring a motion to dismiss the drug quantity enhancement; (10) investigate and bring a Pitchess motion; (11) investigate and bring a motion to exclude petitioner's prior bad acts; (12) investigate and bring a motion to introduce co-defendant Langley's prior drug conviction of manufacturing methamphetamine; (13) investigate and bring a motion to exclude petitioner's demeanor evidence; (14) object on proper legal grounds to jury instructions improperly given and/or

omitted; (15) object when the prosecution improperly vouched for the credibility of its own expert witness; and (16) consult with a finger-print expert to testify as a defense witness regarding the unique possibility of petitioner's fingerprints not being found on any piece of the drug equipment found throughout Langley's residence. (Pet. at 15-37.)

## PETITIONER'S MOTION FOR A STAY AND ABEYANCE

Petitioner requests that the court hold his petition for writ of habeas corpus in abeyance to afford him an opportunity to exhaust his unexhausted claims for relief in state court. (Pet'r's Mot. for Stay & Abey. at 1.) Petitioner contends that he has good cause for failing to exhaust his ineffective assistance of counsel claims prior to filing his original petition. (Id. at 3.) Specifically, he contends that he was denied effective assistance of appellate counsel in violation of the Due Process Clause of the Fourteenth Amendment. (Id.) Petitioner notes that, if a prisoner defaults on a claim as a result of denial of the right to effective assistance of counsel, the state must bear the cost of the resulting default. (Id. at 3-4.) Here, petitioner contends that the court appointed his appellate counsel who failed to raise and investigate his ineffective assistance of trial counsel claims. (Id. at 4.) Petitioner contends that, with the help of a jailhouse lawyer, he researched the court records and the law to prepare and file these additional claims. Accordingly, petitioner concludes that he has good cause for failing to exhaust his state remedies.

Petitioner also contends that his claims are potentially meritorious. (Pet'r's Mot. for Stay & Abey. at 4.) Petitioner argues that the court should assume the factual allegations of his claims are true. To succeed on a claim for ineffective assistance of counsel, petitioner must demonstrate that: (1) counsel's performance was deficient, meaning that it was unreasonable given prevailing professional norms, and (2) the deficient performance prejudiced the defense, meaning that there is a reasonable probability that, absent the errors, the fact-finder would have had reasonable doubt with respect to petitioner's guilt. (Id. at 4-5.) Referring to the claims and allegations in his petition, petitioner maintains that his denial of effective assistance of counsel

/////

1  prejudiced his defense. (Id. at 4.) Accordingly, petitioner concludes that his unexhausted claims
2  are potentially meritorious.
3      Next, petitioner contends that he has already started the process of exhausting his
4  state remedies. (Pet'r's Mot. for Stay & Abey. at 5.) Specifically, he notes that he has already
5  presented the claims in his petition filed in the Yuba County Superior Court. (Id.) In addition,
6  petitioner notes that if the trial court denies his state habeas petition, he will present his next
7  habeas petition to the California Supreme Court without seeking review of his claims by the
8  California Court of Appeal. (Id.)
9      Finally, petitioner emphasizes that he has acted with due diligence since his final
10 date of conviction on December 28, 2005. (Pet'r's Mot. for Stay & Abey. at 6.) He alleges that
11 he has not engaged in abusive litigation tactics or intentional delay. (Id.) Petitioner notes, for
12 example, that he filed a state habeas petition on October 20, 2006. (Id.) That petition was denied
13 without prejudice to petitioner filing a renewed petition. (Id.) Petitioner notes that he filed the
14 renewed petition on September 11, 2007, and the petition is still pending. (Id.) Petitioner argues
15 that due diligence depends on whether he has made a reasonable attempt to investigate and
16 pursue claims in state court; it does not depend on whether he is successful. (Id.) Petitioner
17 concludes that he has acted with due diligence in exhausting his state remedies, and therefore the
18 court should grant his motion for a stay and abeyance.

**RESPONDENT'S OPPOSITION**

20     Respondent contends that petitioner has failed to demonstrate good cause for the
21 granting of a stay. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. at 1.) In particular,
22 respondent argues that petitioner's assertion that his appellate counsel on direct appeal was
23 ineffective for failing to raise his ineffective assistance of trial counsel claims fails to constitute
24 "good cause." (Id. at 2.)
25     First, respondent argues that the exercise of choosing and framing appellate issues
26 makes it "difficult to demonstrate that [appellate] counsel was incompetent" for omitting

4

arguments. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. at 3 (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000).) Of course, appellate counsel has no constitutional obligation to raise every non-frivolous issue "but rather may select from among them in order to maximize the likelihood of success on appeal." (Id.)

Second, respondent argues that petitioner's motion points to nothing in the appellate record to indicate that appellate counsel should have explored multiple claims against trial counsel. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. at 3.) Petitioner simply makes the bare assertion that appellate counsel was ineffective and that he had to research the matter himself. (Id.) Respondent contends that, given the state record, appellate counsel likely determined that such claims were more appropriately raised on habeas review rather than on direct appeal. (Id.) Indeed, California law generally prefers that ineffective assistance of counsel claims be raised during habeas proceedings. (Id.) Respondent notes that petitioner cannot complain that appellate counsel should have raised these claims on state habeas review. (Id.) Ineffective assistance of counsel constitutes cause only during those stages of the proceedings where the state has a constitutional responsibility to ensure competent representation. (Id.)

Respondent concludes that the court should deny petitioner's motion. (Resp't's Opp'n to Pet'r's Mot. for Stay & Abey. at 3-4.)

**PETITIONER'S REPLY**

In reply, petitioner argues that he has good cause for filing a "protective petition" in this court and for asking this court for a stay and abeyance of federal proceedings until state remedies are exhausted. (Pet'r's Reply at 1.) Petitioner argues that the Supreme Court has stated that a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" to file in federal court. (Id.) Petitioner contends that he was reasonably confused about whether his state filings would be timely and that is why he filed a protective petition in this court. (Id. at 2.) In addition, petitioner reiterates that appellate
/////

counsel's ineffectiveness in failing to raise trial counsel's ineffectiveness on direct appeal constitutes "good cause" to excuse his failure to exhaust. (Id.)

Petitioner emphasizes that he continues to exhaust his state remedies in a timely manner. On October 15, 2007, the Yuba County Superior Court denied his petition. (Pet'r's Reply at 3.) Petitioner notes that he recently made the necessary copies of his state habeas petition and exhibits to present to the California Supreme Court the week of November 19, 2007. (Id.) Petitioner explains that he experienced a delay in presenting his state habeas petition to the California Supreme Court because black and white inmates at the prison where he is being held were confined to their cells. (Id.) In addition, petitioner notes that the prison law library was closed for various reasons.

Petitioner concludes that the court should grant his motion for a stay and abeyance until he has finished exhausting his state court remedies. (Pet'r's Reply at 3.)

**ANALYSIS**

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). The Court cautioned, however, that "stay and abeyance should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 277-78. The Court noted that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278.

/////

Petitioner cannot present any new claims to this court until those claims have been fairly presented to the California Supreme Court. It does not appear that the pro se petitioner seeks to stay these proceedings for an improper purpose. Nor does it appear that petitioner has engaged in abusive litigation tactics or intentional delay. Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice. Finally, the undersigned at this time does not find petitioner's claims to be plainly meritless. The undersigned will therefore recommend that this action be stayed while petitioner exhausts his unexhausted claims.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's October 25, 2007 motion for a stay and abeyance be granted;

2. Petitioner be ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days from the date of this order, if all unexhausted claims have not already been presented;

3. This action be stayed and the Clerk of the Court be directed to administratively close the case;

4. Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

5. Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed second amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
coll0761.sty