IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LYNN COLLIER,

        Petitioner,               No. CIV S-07-0761 LKK CHS P

    vs.

JAMES TILTON, et al.,

        Respondents.       ORDER APPOINTING COUNSEL

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a third amended petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner attacks his conviction in the Yuba County Superior Court, case number CRF-01-723, for the manufacture, possession and sale of methamphetamine. Upon review of the record, it appears that the interests of justice require the appointment of counsel in this case. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

        One of the claims presented by petitioner in his third amended petition is that trial counsel provided ineffective assistance by failing to investigate, interview, and call potential defense witnesses. Petitioner has identified seven witnesses he argues would have testified in his defense and has provided what appear to be signed statements from six of those individuals.

1

1      While petitioner previously raised one or more ineffective assistance of counsel
2 claims in state habeas corpus proceedings, it appears that he failed to present this specific issue,
3 including the signed witness statements, in those proceedings.  The Antiterrorism and Effective
4 Death Penalty Act of 1996 ("AEDPA") constrains when a district court may expand the record
5 pursuant to Rule 7 of the Rules Governing § 2254 cases where a state prisoner seeking federal
6 habeas relief has failed to develop the factual record that supports a claim in state court.  *Rhoades*
7 *v. Henry*, 598 F.3d 511, 517, (9th Cir. 2010) (citing *Holland v. Jackson*, 542 U.S. 649, 652-53
8 (2004) (per curiam); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005)).  New
9 evidence is only allowed under Section 2254(e)(2) if, among other requirements, the factual
10 predicate "could not have been previously discovered through the exercise of due diligence."  28
11 U.S.C. § 2254(e)(2).

12     For these reasons, appointed counsel for petitioner shall file a brief with this court
13 within 30 days.  The brief shall address, but is not limited to, the issue whether petitioner's
14 ineffective assistance of counsel claim regarding potential defense witnesses relies on a factual
15 predicate that could not have been discovered with due diligence.  Respondents will be afforded
16 an opportunity to respond.

17     Accordingly, IT IS HEREBY ORDERED that:
18     1. The Federal Defender is appointed to represent petitioner.
19     2. The Clerk of the Court is directed to serve a copy of the third amended petition
20 and this order on David Porter, Assistant Federal Defender.
21     3. Petitioner's counsel shall contact the Clerk's Office to make arrangements for
22 copies of documents in the file.
23     4. Within 30 days of the date of this order, petitioner's appointed counsel shall
24 file a brief which shall address the issue whether petitioner's ineffective assistance of counsel
25 claim regarding potential defense witnesses relies on a factual predicate that could not have been
26 discovered with due diligence.

5. Respondents may elect to file a response to petitioner's brief within 20 days after its filing.

DATED: June 2, 2010

*Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE