IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LYNN COLLIER,

    Petitioner,                    No. CIV S-07-0761 LKK CHS P

    vs.

JAMES E. TILTON, et al.,

    Respondents.               <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding through appointed counsel with a third amended petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Petitioner attacks his conviction in the Yuba County Superior Court, case number CRF-01-723, for the manufacture, possession and sale of methamphetamine.

        In response to a June 2, 2010 order requesting briefing on whether it was appropriate to expand the record pursuant to Rule 7 of the Rules Governing §2254 cases with declarations that were attached to the pro se petition and relevant to petitioner's ineffective assistance of counsel claim, both parties have indicated their agreement that the record need not be expanded pursuant to Rule 7 because petitioner presented those declarations to the California Supreme Court as part of his November 30, 2007 habeas corpus petition.

1   Nevertheless, the parties disagree whether all of petitioner's ineffective assistance
2 of counsel claims are barred by an independent and adequate procedural bar, specifically, the
3 timeliness bar. Petitioner did not present his ineffective assistance of counsel claims to the
4 California Supreme Court until nearly six years after the commitment offense, and those claims
5 were summarily denied with citation to *In re Robbins*, 18 Cal.4th 770 (1998), indicating that the
6 petition was untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). Both parties
7 noted that, while the United States Court of Appeals for the Ninth Circuit has previously held
8 that California's timeliness bar is not "an adequate state bar" for the purpose of procedural
9 default (*see Townsend v. Knowles*, 562 F.3d 1200, 1208 (9th Cir. 2009), the United States
10 Supreme Court granted certiorari on this precise issue in *Martin v. Walker*, 357 Fed. Appx. 793,
11 2009 WL 4884581 (9th Cir. 2009), cert. granted 130 S.Ct. 3464 (Jun. 21, 2010). Oral arguments
12 were heard on November 29, 2010, and a decision could be imminent.

13   Based on a thorough review of the record, and because the anticipated Supreme
14 Court decision may resolve the procedural default issue in this case, it appears that the interests
15 of justice will be best served by a brief delay before findings and recommendations issue.

16   Accordingly, the parties shall notify the court within ten days after the Supreme
17 Court issues a decision in *Martin v. Walker*, 357 Fed. Appx. 793, 2009 WL 4884581 (9th Cir.
18 2009), cert. granted 130 S.Ct. 3464 (Jun. 21, 2010).

19 IT IS SO ORDERED.

20 DATED: February 18, 2011

　　　　　　　　　　　　　　　　　　　　　*/s/ Charlene H. Sorrentino*
21 　　　　　　　　　　　　　　　　　　　　CHARLENE H. SORRENTINO
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

2